0454

**LEXINGTON COUNTY SAVINGS AND LOAN ASSOCIATION,**
Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.
(329 S. E. (2d) 786)

Court of Appeals

*T. Travis Medlock, Atty. Gen., Joe L. Allen, Deputy Atty. Gen.*, and *Harry T. Cooper, Jr., Asst. Atty. Gen.*, Columbia, *for appellant.*

*David L. Ewing* and *William S. Elder, Tomlinson, Ewing & Elder*, Columbia, *for respondent.*

Heard Feb. 18, 1985.

Decided April 30, 1985.

BELL, Judge:

This is an action for refund of income taxes paid under protest. In a careful and well reasoned order, the circuit court found for the taxpayer, Lexington County Savings and Loan Association, and ordered a refund. The Tax Commission appeals. We affirm.

At the commencement of this action, the taxpayer was a state chartered savings and loan association with its principal place of business in Lexington County. The taxpayer filed South Carolina income tax returns for the calendar years 1976, 1977, and 1978. In determining its net income for tax purposes, the taxpayer deducted amounts for additions to its Federal Insurance Reserve (FIR) account for those years. The Commission disallowed a portion of the deductions and assessed additional taxes against the taxpayer.

Section 12-13-20, Code of Laws of South Carolina, 1976, relating to income taxation of building and loan associations, provides in pertinent part:

> The term "net income" ... shall mean income after deducting all operating expenses ... and any additions to reserves which are required by law ... [F]or the purpose of this chapter, a state-organized association shall be allowed the same deductions for reserves, if actually set aside, as those allowed to Federally organized associations.

The question presented by this appeal is whether the circuit court erred in holding this statute authorizes a deduction for additions to a required reserve actually set aside, when the taxpayer could lawfully have set aside a lesser amount to meet its reserve requirement.

The taxpayer is subject to regulation by the Federal Home Loan Bank Board (the Board). The Board requires savings and loan associations which insure their deposits with the Federal Savings and Loan Insurance Corporation (FSLIC) to maintain FIR accounts. Amounts set aside in the FIR account are to be used solely for absorption of losses and cannot be used to pay interest or dividends on savings ac-

counts or for other purposes. At the end of each fiscal year, the savings and loan association is required to make additions to the FIR account sufficient to maintain a specified percentage of its year-end savings account balances in a reserve "required by law" within the meaning of Section 12-13-20.

For the tax years in question, the Board's regulations required the taxpayer to make additions to its FIR account sufficient to maintain the reserve at five percent of a prescribed base amount. The regulations provided alternative methods for computing the base amount. The first method was simply to take five percent of the institution's savings account balances on an annual closing date. The alternative method was to take five percent of the *average* of the savings account balances on the closing date for the current year and one or more consecutive years of the four years immediately preceding the annual closing date. *See* 12 C.F.R. § 563.13 (1975). If a savings and loan association's savings account balances were increasing each year, the averaging method for computing the base amount would reduce the amount of the annual FIR additions needed to comply with the five percent reserve requirement.

In this case, the taxpayer elected to use the three year averaging method in 1976 and the four year averaging method in 1977 and 1978 to compute additions to its FIR account. It then deducted these amounts pursuant to Section 12-13-20 to determine its net income for tax purposes.

The Commission concedes that three year averaging and four year averaging were permissible methods for determining additions to the taxpayer's required reserve under the Board's regulations. However, it partially disallowed the taxpayer's deductions for additions to reserves using three and four year averaging, because these amounts were not the lowest permissible additions to reserves the taxpayer could have made under the Board's regulations. The Commission computed the additions to the FIR account using a five year averaging method to determine the base amount on which the required reserve would be calculated. Since five year averaging produced an amount less than the amounts actually set aside by the taxpayer under three and four year averaging, the Commission disallowed the difference and assessed additional income tax.

In our opinion, the circuit court correctly held Section 12-13-20 entitles the taxpayer to deduct the full amount of additions to the FIR account actually set aside in conformity with the Board's regulations. The statute expressly states that "any additions" to a reserve account required by law are deductible. Moreover, the language employed by the General Assembly indicates a legislative intention to allow deductions for such reserves in the amount "actually set aside" by the taxpayer, not some hypothetical amount which might have been set aside.

The FIR additions deducted by the taxpayer in this case were calculated according to a method of computation prescribed by federal law. The taxpayer set aside no more than the amount required by law to maintain a five percent reserve using a prescribed method of computation. It is irrelevant that alternative methods of computation were permitted by the regulations. Each alternative method was "required" within the meaning of Section 12-13-20, because the regulations required savings and loan associations to use one of the prescribed methods, and no other, to calculate their additions to reserves. 12 C.F.R. § 563.13 (1975); *see Mutual Benefit Life Ins. Co. v. Commissioner*, 488 F. (2d) 1101 (3d Cir. 1973), *cert. denied*, 419 U. S. 882, 95 S. Ct. 148, 42 L.Ed. (2d) 122 (1974) (where statute permitted but did not require establishment of additional insurance reserve, and required its maintenance once established, reserve was one "required by law" for tax deduction purposes); *cf. Lancaster Cotton Mills v. Tax Commission*, 132 S. C. 466, 129 S. E. 429 (1925) (when taxpayer has option of either fiscal or calendar year reporting period, and elects fiscal year, Tax Commission cannot impose tax on basis of calendar year).

The judgment of the circuit court is

Affirmed.

SANDERS, C. J., and SHAW, J., concur.